IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COUNTRY MUTUAL INSURANCE COMPANY**, *et al.*, *Plaintiffs*, | : <br> : CIVIL ACTION <br> : |
| v. | : No. 18-3464 <br> : |
| **THE HOME DEPOT, INC.**, *Defendant.* | : <br> : <br> : |

## MEMORANDUM

### I.  INTRODUCTION

Plaintiffs, Country Mutual Insurance Company ("Country Mutual"), as subrogee of CM Aspen Grove, LLC ("Aspen Grove"), and Allstate Insurance Company ("Allstate"), as subrogee of Corrie Torres, Eustalia Perez Ramos, David Gallo, and Otoniel Gonzalez (collectively, the "Torres Family"), initiated the instant subrogation action to collect insurance proceeds paid to its insureds as a result of a fire that started in the Torres Family's apartment. Currently before the Court is Defendant's Motion for Summary Judgment (ECF No. 24), Plaintiffs' Response thereto (ECF No. 25), and Defendant's Reply (ECF No. 26). Defendant's Motion for Summary Judgment will be granted because Plaintiffs have failed to support their burden of producing evidence that demonstrates that Defendant's predecessor sold the air conditioner that allegedly caused the fire in the Torres Family's apartment.

1

## II. BACKGROUND[1]

On September 28, 2016, a fire originated in the Torres Family's apartment due to the malfunction of an air conditioner located in the apartment's living area. ECF No. 1 at ¶¶ 14-15. Plaintiffs allege that the defective air conditioner was an Airwell-Fedders 4-HVAC/air-conditioning unit. *Id.* at ¶ 14; ECF No. 25 at 4. Plaintiffs allege that this air conditioner was purchased from Wilmar[2] by Aspen Grove[3] and installed in the Torres Family's apartment "in December 2014." ECF No. 25 at 4. Due to the fire damages sustained by Aspen Grove and the Torres Family, Plaintiffs paid Aspen Grove and the Torres Family, based on their respective insurance policies, in excess of $350,000.00. ECF No. 1 at ¶ 18. Plaintiffs now seek to collect from Defendant the monies paid to Aspen Grove and the Torres Family by way of the instant subrogation action, under the theory that Wilmar sold the defective air conditioner that caused the fire in the Torres Family's apartment. *Id.* at ¶¶ 13, 19. Specifically, Plaintiffs' Complaint alleges three counts against Defendant: 1) strict liability; 2) negligence; and 3) breach of warranties. *See generally id.*

---

[1] Despite being required to do so, the Defendant's Motion for Summary Judgment failed to include a concise statement of stipulated material facts. *See* Judge Chad Kenney's Guidelines for Counsel, https://www.paed.uscourts.gov/documents/procedures/kenpol.pdf (updated and effective as of April 29, 2019) ("No later than fourteen days prior to the filing of any summary judgment motion pursuant to Rule 56, the parties shall meet and confer about the material facts. The moving party's initial filing must include a concise statement of stipulated material facts, which sets forth (in numbered paragraphs) material facts and important background facts that the parties agree are not in dispute for purposes of summary judgment.").
[2] Wilmar is the predecessor to Defendant.
[3] Aspen Grove is the apartment complex where the Torres Family resided at the time of the fire.

2

## III. DISCUSSION

1. <u>Summary Judgment Standard</u>

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007); Fed. R. Civ. P. 56(c). As the Supreme Court has emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) (footnote omitted)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986)) (emphasis added). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Liberty Lobby*, 477 U.S. at 249 (citing *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that

3

version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380; *see Losch v. Borough of Parkesburg, Pa.*, 736 F.2d 903, 909 (3d Cir. 1984) (instructing that "conflicts of credibility should not be resolved on a hearing on the motion for summary judgment unless the opponent's evidence is too incredible to be believed by reasonable minds.").

2. <u>Plaintiffs Have Not Presented Sufficient Evidence to Support Their Claims</u>

Plaintiffs frame the issue currently before the Court as "whether [Defendant's] predecessor, Wilmar, sold the air conditioner that Plaintiffs allege caused the fire that resulted in Plaintiffs' subrogors' damages." ECF No. 25 at 3. Defendant's first argument in support of its Motion for Summary Judgment contends that there is no evidence in the record that Wilmar sold the air conditioner that caused the fire in the Torres Family's apartment. ECF No. 24-2 at 9. The only evidence Plaintiffs produced during discovery that could have potentially demonstrated that Wilmar sold the air conditioner was an invoice that established that an air conditioning unit was purchased by Aspen Grove on November 19, 2014 from Wilmar (the "Wilmar Invoice"). ECF No. 24-2 at 3; ECF No. 24-8 at 2. However, Plaintiffs concede that the Wilmar Invoice corresponds to the sale of a Keystone air conditioner. ECF No. 25 at 4 ("In all candor, Plaintiffs must admit that the Affidavit's position on the Wilmar Invoice is persuasive that the invoice

4

suggests the sale of a Keystone air conditioner."). This is important because it is undisputed that the air conditioner that caused the fire was an Airwell-Fedders air conditioner, not a Keystone air conditioner. ECF No. 25 at 4 ("[Q]uestion of whether the Airwell-Fedders unit located in the living room *that caused the fire* was sold by Wilmar." (Emphasis added)). Moreover, at oral argument, Plaintiffs' counsel states that Plaintiffs are "prepared to concede that that invoice . . . is not for the air conditioner that caused the fire," N.T., 7/17/2019, at 7, ln. 19-21, and "that invoice is no longer relevant to this case," *id.* at 9, ln. 1. This concession from Plaintiffs makes the Wilmar Invoice nonevidence as to whether Wilmar sold the defective air conditioner.

Because Plaintiffs admit that the Wilmar Invoice (the only evidence produced by Plaintiffs) is no longer relevant to this matter, Defendant has supported its burden on its Motion for Summary Judgment in showing that there is no genuine issue of a material fact. Plaintiffs must now come forward with other evidence that demonstrates that the Airwell-Fedders air conditioner that caused the fire in the Torres Family's apartment was sold by Wilmar to Aspen Grove in order to show there is a genuine dispute of material fact. After a full and complete review of the record, there is no document or evidence that supports Plaintiffs' position. Plaintiffs have not attached any document to their Complaint, or Response to Defendant's Motion for Summary Judgment and have not directed the

attention to anything in the record that even remotely supports their allegation that Wilmar sold the faulty air conditioner.

Instead of producing evidence to refute Defendant's showing that there is no genuine dispute as to whether Wilmar sold the faulty air conditioner, Plaintiffs chose to refute Defendant's arguments and evidence that Wilmar did not sell the defective air conditioner. However, it is well-settled that after defendant shows there is the absence of a genuine issue of material fact, it is not defendant's burden to produce evidence to refute the plaintiff's claims, instead, it is the plaintiff's burden to direct the court's attention to sufficient evidence that shows there is in fact a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" (quoting Fed. R. Civ. P. 56(e))). Plaintiffs, in this respect, failed because they did not produce even a scintilla of evidence as to whether Wilmar sold the air conditioner. Without any evidence as to whether Wilmar sold the air conditioner, there is no issue of material fact on the gravaman issue in this matter. Because there is no evidence as to whether Wilmar sold the air conditioner at issue, there is no genuine issue of material fact; therefore, Plaintiffs' claims cannot survive Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

Based on the reasons mentioned above, Defendant's Motion for Summary Judgment is granted because Plaintiffs have not presented any credible evidence as to whether Wilmar sold the defective air conditioner that allegedly caused the fire in the Torres Family's apartment. Accordingly, Plaintiffs' Complaint is dismissed. Because summary judgment is granted on this argument by Defendant, the Court need not address Defendant's collateral estoppel argument. *See* ECF No. 24-2 at 16-17. The Court will issue an accompanying order in conjunction with this Memorandum.

BY THE COURT:

Dated: 8-2-2019

CHAD F. KENNEY, JUDGE